UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- X

HOUSE OF EUROPE FUNDING I LTD.,          :

                    Plaintiff,          :

              -against-          :

WELLS FARGO BANK, N.A. and          :
COLLINEO ASSET MANAGEMENT GMBH,

                :

            Defendants.          :

                :

----------------------------------------------------------- X

No. 13 Civ. 519 (RJS)(SN)

Oral Argument Requested

## MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S MOTION
## FOR LEAVE TO AMEND THE COMPLAINT UNDER
## FEDERAL RULES OF CIVIL PROCEDURE 17 AND 15

Dated: New York, New York
      May 11, 2015

HOLWELL SHUSTER & GOLDBERG LLP
125 Broad Street, 39th Floor
New York, NY 10004
Telephone: (646) 837-5151
Facsimile: (646) 837-5150

*Counsel for Collineo Asset*
*Management GmbH*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ........................................................................................................................... 4

I. RULES 17 AND 15 ARE INAPPLICABLE BECAUSE WELLS FARGO CANNOT
   RATIFY CLAIMS THAT HOE I BROUGHT ON ITS OWN BEHALF AND TO REDRESS
   ITS OWN INJURY ..............................................................................................................4

    A. Wells Fargo Cannot Ratify Claims that Were Not Brought on Its Behalf ......................... 4

    B. Wells Fargo Cannot Ratify Claims That Are Different From Those It Has Standing to
       Bring ............................................................................................................................ 5

II. RULES 17 AND 15 DO NOT PERMIT HOE I TO RESURRECT UNTIMELY CLAIMS OR
   DEFER RATIFICATION FOR SO LONG THAT THE DELAY UNFAIRLY PREJUDICES
   COLLINEO ....................................................................................................................... 7

    A. Rules 17 and 15 Do Not Permit Plaintiffs to Circumvent the Statute of Limitations ........ 7

    B. Rules 17 and 15 Cannot Defer Ratification for So Long that It Prejudices Collineo ....... 10

III. WELLS FARGO'S ATTEMPTED "RATIFICATION" OF HOE I'S ACTION BY MEANS
   OF THE CLA WAS INVALID ..........................................................................................12

    A. The CLA's Purported "Ratification" Was Invalid Because Wells Fargo Refused to Be
       Fully Bound by the Court's Final Determination of the Ratified Claims......................... 13

    B. The CLA's Purported "Ratification" Was Invalid Also Because It Sought to "Alter the
       Factual Foundation" of the Action............................................................................... 13

IV. THE STATUTE OF LIMITATIONS RAN ON WELLS FARGO'S CLAIMS LONG
   BEFORE HOE I AND WELLS FARGO EXECUTED THE CLA ............................................14

    A. The German Statute of Limitations Rendered Wells Fargo's Claims Untimely before
       Execution of the CLA ................................................................................................. 15

    B. Any Six-Year Statute of Limitations Rendered Wells Fargo's Claims Untimely before
       Execution of the CLA ................................................................................................. 17

V. HOE I'S REMAINING ARGUMENTS LACK ANY MERIT ...................................................18

CONCLUSION......................................................................................................................... 20

# TABLE OF AUTHORITIES

**Cases**                                                                                              **Page(s)**

*Adelphia Commc'ns Corp. Sec. & Derivatives Litig.*, 2009 WL 1490599
    (S.D.N.Y. May 21, 2009)...........................................................................................................12

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*,
    106 F.3d 11 (2d Cir. 1997)................................................................................8, 9, 13, 14

*Alaska Russ. Salmon Caviar Co., Inc. v. M/V "Marit Maersk,"*
    2000 WL 145124 at *4 (S.D.N.Y. Feb. 2, 2000)............................................................4, 5, 10

*Appel v. Kidder Peabody & Co.*,
    628 F. Supp. 153 (S.D.N.Y. 1986) ........................................................................................15

*Del Re v. Prudential Lines, Inc.*,
    669 F.2d 93 (2d Cir. 1982)...............................................................................................4, 5, 6

*Ely-Cruikshank Co. v. Bank of Montreal*,
    81 N.Y.2d 399 (1993) ............................................................................................................16

*Fed. Treasury Enter. Sojuzplodoimport v. SPI Spirits Ltd.*,
    726 F. 3d 62 (2d Cir. 2013)....................................................................................................13

*George v. Mt. Sinai Hosp.*,
    47 N.Y.2d 170 (1979) ............................................................................................................20

*Global Fin. Corp. v. Triarc Corp.*,
    93 N.Y.2d 525 (N.Y. 1999) ...................................................................................................15

*Grondahl v. Merritt & Harris, Inc.*,
    964 F.2d 1290 (2d Cir.1992)...................................................................................................16

*Junior Gallery, Ltd. v. Neptune Orient Line, Ltd.*,
    1997 WL 26293 (S.D.N.Y. Jan. 22, 1997) ...........................................................................14

*Lee v. Marvel Enters. Inc.*,
    765 F. Supp. 2d 440 (S.D.N.Y. 2011)...............................................................................7, 14

*Motorola Credit Corp. v. Uzan*,
    274 F. Supp. 2d 481 (S.D.N.Y. 2003).....................................................................................4

*OSRecovery, Inc. v. One Groupe, Intl., Inc.*,
    380 F. Supp. 2d 243 (S.D.N.Y. 2005).....................................................................................10

*Radiation Dynamics, Inc. v. Goldmuntz*,
    464 F.2d 876 (2d Cir.1972)....................................................................................................16

**Statutes**

15 U.S.C. § 78u-4(b)(3)(B) ................................................................................................12

33 U.S.C. § 933 ..............................................................................................................6

**Other Authorities**

CPLR 202 ...............................................................................................................14, 16

CPLR 205 .........................................................................................................3, 19, 20

Fed. R. Civ. P. 15 .................................................................................................. *passim*

Fed. R. Civ. P. 17 .................................................................................................. *passim*

## PRELIMINARY STATEMENT

Having seen its own claims against Collineo dismissed with prejudice, HOE I now attempts to pursue Wells Fargo's claims against Collineo pursuant to Rule 17 or Rule 15 of the Federal Rules of Civil Procedure.  HOE I has, however, fundamentally misunderstood the application of the Federal Rules in this context.  Where a plaintiff mistakenly believes that it has standing to bring a claim on another party's behalf, Rules 17 and 15 provide a mechanism whereby the party with standing can ratify the plaintiff's pursuit of the claim.  If the statute of limitations on the claim ran while the action was pending, ratification relates back to the filing of the original complaint and avoids the injustice of forfeiture.  The Rules do *not*, however, provide a plaintiff with any recourse when the claim that the plaintiff initially brought is different from the claim that the ratifying party has standing to pursue.  Still less do the Rules permit a tactical ratification that would alter the factual foundation of the original action and prejudice the defendant.  Indeed, if they did, rather than avoid the injustice of forfeiture, Rules 17 and 15 would instead arm plaintiffs with a procedural means to expand their substantive rights and resurrect untimely claims.

Rules 17 and 15 do not apply in the present circumstances because the claims that HOE I originally advanced against Collineo are not the same claims that Wells Fargo may bring under the governing agreements and would have the capacity to ratify.  When HOE I filed this action against Collineo on January 23, 2013, it brought claims on behalf of itself for injuries that it had allegedly suffered.  Now that the Court has dismissed these claims, HOE I seeks to exchange them for Wells Fargo's claims, which, because they belong to an Indenture Trustee, are asserted in a representative capacity to redress injury only to the noteholders.  Because HOE I's claims and Wells Fargo's claims are respectively brought in the name of different parties and seek

redress of different injuries, among other reasons, they are different claims.  HOE I may not now assert claims that it did not purport or intend to bring in the first place.

Given the obvious inapplicability of the Rules to the present circumstances, HOE I unsurprisingly fails to satisfy other requirements for proceeding under Rules 17 and 15.  Rule 17, and its operation with Rule 15 in this context, permits ratification only if it would not give the plaintiff an unfair tactical advantage or unduly prejudice the defendant.  Those circumstances are not present here.  HOE I made the tactical decision to bring its own claims and not Wells Fargo's because it wanted to allege—from the vantage point of an uninvolved special purpose vehicle— that Wells Fargo was complicit in the alleged breaches.  Because Wells Fargo would never have implicated itself by making such allegations, permitting ratification would unfairly allow HOE I to advance a theory of liability that the ratifying party would not have advanced in this litigation.  Further, ratification would clearly prejudice Collineo.  HOE I waited until after the close of fact discovery to obtain ratification and move under the Rules, *i.e.*, nearly two years since Collineo first raised HOE I's lack of standing in its motion to dismiss, and nearly a year since the Court's decision on that motion, which suggested that HOE I lacked standing.  Such delay is unreasonable and has compromised Collineo's ability to take discovery and develop defenses specific to Wells Fargo's claims such as the absence of injury to the noteholders and equitable defenses, such as estoppel.

Wells Fargo also did not properly ratify HOE I's action.  HOE I argues that Wells Fargo "ratified" HOE I's action against Collineo pursuant to Rule 17 (and to the extent it can, Rule 15) because Wells Fargo has authorized HOE I's action to pursue its claims against Collineo. Consistent with its refusal to bring the claims advanced in the Complaint, however, Wells Fargo refuses to be bound by the Court's determination of the ratified claims against Collineo if it

adversely affects Wells Fargo.  Because Wells Fargo refuses to be bound in full by the Court's determination of HOE I's claims and because HOE I's pursuit of Wells Fargo's claims would require HOE I to modify the factual allegations in the Complaint, Wells Fargo's "authorization" is illusory.

HOE I also did not save its action against Collineo when it obtained a "license" to pursue Wells Fargo's claims because Wells Fargo had no such claims to license, the statute of limitations on them having run.  Unlike HOE I, whose claims (if it had any) accrued in the Cayman Islands where it was injured, Wells Fargo's claims, which are brought in its representative capacity on behalf of the noteholders, accrued in Germany, where the noteholders were injured and where virtually all of them are located.  The limitations period under German law lapsed long before HOE I filed the Complaint, let alone before Wells Fargo executed the CLA.  Alternatively, even if, as the Court found for HOE I's dismissed claims, a six-year statute of limitations applies to Wells Fargo's claims, that period also lapsed before the execution of the CLA.  Consequently, the only claims as to which the Claims License Agreement ("CLA") purports to grant a license are time barred.

HOE I's remaining arguments are meritless.  The truth or falsity of HOE I's allegations against Collineo concerning breach are irrelevant to a motion under Rules 17 or 15.  HOE I's gross distortions of the discovery record are meant only to distract the Court from the matter at hand and mislead it about the strength of HOE I's overall case against Collineo.  In any event, HOE I's contentions that Collineo knowingly and intentionally breached the Eligibility Criteria are false and unsupported by the evidence HOE I cites.  Similarly irrelevant are HOE I's arguments with respect to CPLR 205.  CPLR 205 does not apply, but whether it does is a question for the court in which HOE I re-files its action.

## ARGUMENT

I.  **RULES 17 AND 15 ARE INAPPLICABLE BECAUSE WELLS FARGO CANNOT RATIFY CLAIMS THAT HOE I BROUGHT ON ITS OWN BEHALF AND TO REDRESS ITS OWN INJURY**

Ratification is not possible under Rules 17 and 15 when a plaintiff:  (1) brings suit in its own name rather than in the name of the real party in interest, or (2) brings claims that are different from those held by the real party in interest.  HOE I originally brought this action on its own behalf, not on behalf of Wells Fargo.  Further, HOE I originally brought claims that are different from those it now seeks to pursue on behalf of Wells Fargo because HOE I sought redress for its own injury, whereas Wells Fargo, in accordance with the Indenture, must seek redress for injury to the noteholders.

### A.  Wells Fargo Cannot Ratify Claims that Were Not Brought on Its Behalf

Wells Fargo cannot ratify claims under Rules 17 and 15 that were not brought on its behalf.  The "classic situation for the application of Rule 17(a)" is where the plaintiff brings a claim on behalf of the real party in interest but lacks capacity to bring that claim.  *Motorolla Credit Corp. v. Uzan*, 274 F. Supp. 2d 481, 496 (S.D.N.Y. 2003) (citing *Del Re. v. Prudential Lines, Inc.*, 669 F.2d 93 (2d Cir. 1982)).  Indeed, the Second Circuit has held that "[t]he term 'ratification' implies that the [ratifier] is the party in interest for whom the present action was commenced" and has no application where "[the plaintiff] brought suit in his own name to benefit himself."  *Del Re.*, 669 F.2d at 97.  The latter scenario is simply "not a case of 'ratification'."  *Alaska Russia Salmon Caviar Co., Inc. v. M/V "Marit Maersk,"* 2000 WL 145124 at *5 (S.D.N.Y. 2000); *Motorolla Credit Corp.*, 274 F. Supp. 2d at 496 (same).

From the inception of this action and in every subsequent stage of litigation, HOE I has

unwaveringly pursued claims under the AMA and CAA[1] against Collineo in its own name and for its own benefit rather than on Wells Fargo's behalf.  *See* HOE I MTD Op. at 22-28; HOE I MSJ Op. at 3.  In the current motion, HOE I does not retreat from this position, arguing only that it was genuinely mistaken that it possessed the requisite standing to bring its own claims.  HOE I Br. 2-3.  Because HOE I did not bring claims on Wells Fargo's behalf, Wells Fargo cannot ratify those claims.

### B.  Wells Fargo Cannot Ratify Claims That Are Different From Those It Has Standing to Bring

Rules 17 and 15 are inapplicable where the plaintiff and the ratifying party "are not merely different parties with the same claim [but rather] different parties with different claims." *Del Re.*, 669 F.2d 93 at 97.  Where claims seek redress for different injuries or to benefit different parties, they are different claims within the meaning of Rules 17 and 15.  *See id*. at 97 (rejecting ratification where longshoreman's claims were brought to redress his own injuries and ratifying stevedore had standing to bring claims redressing its own injuries); *see also Alaska Russia Salmon Caviar Co., Inc.*, 2000 WL 145124 at *4 (same).

The Second Circuit's opinion in *Del Re* is on point and controlling.  In *Del Re*, the Second Circuit considered whether a longshoreman's employer could ratify the longshoreman's action in negligence under Rule 17.  The Longshoreman's and Harbor Worker's Compensation Act provides that if a longshoreman did not bring a negligence action for personal injury against a third party, such as a ship-owner, within six months after accepting compensation in an order of the Benefits Review Board, "all of his right" to bring that suit would be "automatically assigned" to his stevedore-employer.  Because the longshoreman in *Del Re* initiated his action

---

[1] In deciding Collineo's motion to dismiss, Court held that HOE I lacked standing to pursue its claims under the CAA.

beyond the six-month mark and therefore after the claim had already been automatically transferred to his stevedore-employer, he sought and obtained a letter from his employer purporting to ratify his action and therefore cure his lack of standing.  In denying ratification, the Second Circuit reasoned that the claim being asserted by the plaintiff-longshoreman was different from the stevedore-employer's claim as assignee.  *Del Re.*, 669 F.2d at 97.  The Court held that the claims were of "different dimensions" because the longshoreman brought his claim "to benefit himself, not his employer," whereas if the employer had brought its claim, it would have sought redress for itself, and specifically for "compensation" it had paid to the longshoreman.  *Id*.; *see also* 33 U.S.C. § 933 (employer-assignee may recover "costs of benefits actually furnished by him to the employee" and "all amounts paid as compensation" among other economic injuries).

The claims HOE I originally sought to prosecute are different from Wells Fargo's claims because, first and foremost, they are brought in a different capacity to redress a different injury. Wells Fargo, as Indenture Trustee, must bring its claims under the AMA and CAA in a representative capacity for the benefit of the "Secured Parties"—collectively, the noteholders, any hedge counterparty and itself—to redress any harm to their interests caused by a breach of those agreements.  *See* Indenture, Granting Clause; *id*. § 1.01 (definition of "Secured Parties"). HOE I did not purport to bring such claims and, indeed, the Court rejected the argument that HOE I had brought suit for the benefit of the noteholders or to redress injury to the noteholders. *See* Pl. MTD Op. at 23; MTD Order at 12, 15-16; Collineo MTD at 14.  Further, the rights available to Wells Fargo in bringing suit differ from HOE I's.  *See* Indenture § 5.15 (immunizing Wells Fargo but HOE I from court-ordered costs).  Because the claims HOE I originally sought to prosecute are different from Wells Fargo's, Wells Fargo cannot ratify HOE I's action.

## II.   RULES 17 AND 15 DO NOT PERMIT HOE I TO RESURRECT UNTIMELY CLAIMS OR DEFER RATIFICATION FOR SO LONG THAT THE DELAY UNFAIRLY PREJUDICES COLLINEO

HOE I cannot use Rules 17 and 15 to resurrect untimely claims[2] that it never advanced or defer ratification for so long that the delay unfairly prejudices Collineo.

### A.   Rules 17 and 15 Do Not Permit Plaintiffs to Circumvent the Statute of Limitations

Rules 17 and 15 do not permit plaintiffs to circumvent the statute of limitations for claims they never filed and had no intention to bring until after their own claims were dismissed as defective.  *See* Fed. R. Civ. P. 17, Advisory Committee Note, 1966 Amend. (noting that plaintiffs cannot "take advantage of the suspension of the limitation period" through the assertion of new claims under Rule 17); *Lee v. Marvel Enterprises Inc.*, 765 F. Supp. 2d 440 (S.D.N.Y. 2011) ("SLMI's purpose in seeking to intervene and substitute as a plaintiff in this action is to gain the benefit of the relation back doctrine and circumvent the statute of limitations for its wholly separate claims.  That tactic is condemned by the courts.").  The Advisory Committee Notes to Rule 17 expressly disclaim the Rule's applicability in this circumstance, noting that in the case of an airplane crash:

> It does not . . . mean, when an action is filed by the personal representative of John Smith, of Buffalo, in the good faith belief that he was aboard the flight, that upon discovery that Smith is alive and well, having missed the fatal flight, the representative of James Brown, of San Francisco, an actual victim, can be substituted to take advantage of the suspension of the statute of limitations period.

Fed. R. Civ. P. 17, Advisory Committee Note, 1966 Amend.  In the Committee's example, it is irrelevant that a representative of John Smith brought Mr. Smith's claims "in good faith."  If, at the time of substitution, Mr. Brown's wrongful death claim was time-barred, Rules 17 and 15

---

[2] As described *infra* in Part IV, Wells Fargo's claims expired no later than May 5, 2014, before the CLA's execution.

would not operate to save his claim because doing so would "take advantage of the suspension of the statute of limitations period" for claims that were not previously filed.

Applying Rules 17 and 15 here would permit HOE I to use the relation back doctrine to circumvent the statute of limitations in precisely the way forbidden by the Advisory Committee Notes to Rule 17.  HOE I brought its own claims in its own name because it wanted to sue both Wells Fargo and Collineo and to allege that the two defendants conspired to violate the governing agreements.  It subsequently "discovered" that it no longer had standing to pursue its own claims under the AMA and CAA and now tries to bring Wells Fargo's different claims through "ratification" to avoid the statute of limitations bar.  As with John Smith's and James Brown's claims, HOE I's claims and Wells Fargo's claims allege the same breaches but different injuries.  As in the example described in the Advisory Committee Notes, granting HOE I's motion would permit HOE I to unfairly "take advantage of the suspension of the statute of limitations period."

HOE I misconstrues the law when it argues that the Court should apply Rules 17 and 15 because its belief that it had standing to bring its own claims was an "innocent mistake."  HOE I Br. at 6.  As in the example described in the Advisory Committee Notes to Rule 17, it is irrelevant that HOE I proceeded "in the good faith belief" that it had standing to bring its own claims.  The only "mistake" of any relevance is if HOE I mistakenly believed that it was asserting Wells Fargo's claims, which it never purported to be doing.[3]

The Second Circuit's holding in *Advanced Magnetics*, cited by HOE I, is not to the

---

[3] Of course, even if HOE I's mistake that it had standing to bring claims on its own behalf were relevant (and it is not), permitting it to continue to assert those claims against Collineo in the guise of bringing Wells Fargo's claims would subvert the express intention of the parties to the Indenture—revocation of HOE I's license to enforce the AMA.

contrary.  In *Advanced Magnetics*, the plaintiff brought claims for securities fraud as the assignee of its shareholders and therefore purported to be asserting claims that the shareholders possessed. When defendants challenged the validity of the assignment, the plaintiff moved to amend its complaint under Rule 15 to join the shareholders so that they could assert their own claims. Reversing the district court, the Second Circuit held that Rules 17 and 15 applied to allow joinder of the shareholders because, unlike Wells Fargo's claims here, "[t]he claims of the selling shareholders [were] sufficiently asserted in the original complaint."  *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997).  Indeed, the complaint identified "each selling shareholder by name, asserts that defendants' conduct caused each selling shareholder to receive 50 cents less per share than he or she otherwise would have received, and alleges the number of shares that each of those shareholders sold in the AMI public offering."  *Id*.  Under these circumstances, and unlike here, there was no "unfairness to defendants" because correcting plaintiff's "mistake" concerning the effectiveness of the assignment did not permit the assertion of new of which the defendants did not have notice.  "The original complaint plainly gave defendants the particulars of the selling shareholders' claims."  *Id*. at 21.

To the extent HOE I seeks to argue that the assignment from the shareholders to the plaintiff in *Advanced Magnetics* is no different from the assignment here from HOE I to Wells Fargo in the Indenture, and therefore that the result here should be the same, it is mistaken.  As described in Part I, *supra*, the assignment in the Indenture was made for the benefit of the noteholders, not HOE I.  Indenture, Granting Clauses ("The Co-Issuers hereby Grant to the Indenture Trustee for the benefit of the Secured Parties, all of their right, title and interest in, to and under . . . [the CAA and the AMA].").  Whereas the plaintiff in *Advanced Magnetics* brought the claims of its assignors, Wells Fargo would bring the claims of the noteholders.

**B. Rules 17 and 15 Cannot Defer Ratification for So Long that It Prejudices Collineo**

HOE I cannot be heard to argue that it has brought this motion within a "reasonable time" as provided for in Rule 17 or that having to defend against Wells Fargo's claims at this junction would not unfairly prejudice Collineo.

As a threshold matter, two years is an unreasonably long time for HOE I to bring this motion following Collineo's initial objection in its motion to dismiss. *See, e.g.*, *OSRecovery, Inc. v. One Groupe, Intl., Inc*., 380 F. Supp. 2d 243, 249 (S.D.N.Y. 2005) (holding that five months constitutes unreasonable delay where discovery has ended and case is on the eve of trial); *Alaska Russia Salmon Caviar Co., Inc. v. M/V "Marit Maersk*," 2000 WL 145124 at *5 (S.D.N.Y. 2000) ("Because over a year has passed since the defendants' first objection to the prosecution of the case by ARSCC, and because ARSCC does not bring this suit on behalf of the real party in interest, ARSCC will not be permitted to [invoke joinder pursuant to Rule 17(a)] at this time.").

Further, delay caused purely by tactical considerations rather than confusion or impracticality is necessarily unreasonable, and the timing of the CLA's execution makes clear that the delay here was purely tactical. The CLA was executed nine days after fact discovery concluded, strongly suggesting that HOE I and Wells Fargo delayed execution to avoid discovery concerning both negotiation of the CLA and Collineo's additional defenses against Wells Fargo's claims. HOE I and Wells Fargo knew HOE I lacked standing to bring its own claims long before they executed the CLA. HOE I Br. at 2 (noting that HOE I's negotiations with Wells Fargo over the CLA "took an extended period [of time]"). Indeed, in deciding Collineo's motion to dismiss, the Court held that HOE I had no standing to pursue claims under the CAA and made clear that HOE I's standing to bring claims under the AMA turned on a

simple factual issue (entirely within HOE I's knowledge) regarding whether Collineo had received the requisite breach notice (it had).  There is therefore no credible explanation for HOE I's and Wells Fargo's delay given their knowledge of the issue.

More importantly, defending against Wells Fargo's claims at this late date would unfairly prejudice Collineo.  Collineo has pursued defenses against HOE I's claims that it cannot now pursue against Wells Fargo, and it has been unable to develop defenses against Wells Fargo's claims that it had no reason to develop against HOE I's claims.  Collineo, for example, expended great effort preparing, submitting, and executing a letter rogatory in order to obtain deposition testimony from HOE I's former directors.  *See* Healy Decl. ¶ 14 (executing letter rogatory required hiring Cayman counsel, significant travel expenses and fees, and the taking of four depositions over the course of nearly a week in the Cayman Islands); *id.*, Ex. A (joint letter from Wells Fargo and Collineo to the Court requesting execution of letter rogatory).  If Wells Fargo had brought its claims (or HOE I had brought claims on Wells Fargo's behalf), issues relating to the knowledge of HOE I's directors would be of much less, if any, significance, and Collineo's expenditures concerning those issues might never have been incurred.  In contrast, Collineo did not expend effort developing defenses specific to Wells Fargo's claims and now cannot because fact discovery has closed.  Because Wells Fargo's claims would be brought on behalf of the noteholders, for example, Collineo would have wanted to take discovery of the injury allegedly suffered by the noteholders.  Further, because Wells Fargo's claims are subject to estoppel and other equitable defenses if Wells Fargo had knowledge of Collineo's alleged misconduct, Collineo would have wanted the opportunity to develop the testimony of Wells Fargo's

11

witnesses on this issue.[4]  As a general matter, discovery would have proceeded differently had Collineo been defending against Wells Fargo's claims rather than HOE I's claims.

HOE I cites *Adelphia Commc'ns Corp. Sec. & Derivatives Litig.*, 2009 WL 1490599 (S.D.N.Y. 2009) for the proposition that "it is reasonable for parties to await a court's decision of the dispute before effecting a curative ratification or substitution," but that case is not controlling.  In *Adelphia*, discovery was automatically stayed pursuant to 15 U.S.C. § 78u-4(b)(3)(B) pending resolution of defendants' motions to dismiss, and that stay was not lifted until after the issue of the proper party to bring suit had been resolved.  *See Adelphia Commc'ns Corp. Sec. & Derivatives Litig.*, 2009 WL 1490599, at *7.  Unlike here, therefore, there was no prejudice to the defendants in *Adelphia* from wasted discovery or missed opportunities in discovery.  Further, there was no suggestion in *Adelphia* that tactical considerations played any role in the timing of plaintiffs' motion under Rule 17.  Plaintiffs in *Adelphia* preserved their rights to amend the complaint immediately after the defendants first raised the standing issue in their motion to dismiss, and consistently sought either a favorable decision on standing or substitution of the real parties in interest.  *See Adelphia Commc'ns Corp. Sec. & Derivatives Litig.*, 2009 WL 1490599, at *5.  Here, HOE I never moved to preserve its rights, and HOE I and Wells Fargo knew long in advance of the Court's decision on summary judgment that HOE I lacked standing.

## III.   WELLS FARGO'S ATTEMPTED "RATIFICATION" OF HOE I'S ACTION BY MEANS OF THE CLA WAS INVALID

Assuming *arguendo* that Wells Fargo could ratify HOE I's defective claims, its attempt

---

[4] That HOE I has sought similar testimony concerning Wells Fargo's knowledge in the prosecution of its claims is irrelevant.  Collineo is entitled to pursue its own defenses and should not be compelled to rely on counsel for other parties to develop the factual record.

to do so by means of the CLA was ineffective because (1) Wells Fargo refused to be fully bound by the Court's final determination of the ratified claims, and (2) Wells Fargo's ratification of the claims impermissibly alters the factual foundation of HOE I's action against Collineo.

### A. The CLA's Purported "Ratification" Was Invalid Because Wells Fargo Refused to Be Fully Bound by the Court's Final Determination of the Ratified Claims

New York law is clear that "[t]o ratify a suit, the real party in interest must (1) authorize continuation of the action and (2) agree to be bound by its result." *Federal Treasury Enter. Sojuzplodoimport v. SPI Spirits Ltd.*, 726 F. 3d 62, 83 (2d Cir. 2013) (quotation marks omitted). Here, Wells Fargo failed to fully ratify HOE I's suit in the CLA because it expressly declined to be bound by a final determination adjudicating claims against Collineo if that determination proves adverse to Wells Fargo. *See* CLA at para. 4 ("For the avoidance of doubt, nothing herein shall preclude Wells Fargo (in any capacity) from appealing or otherwise disputing any ruling or finding adverse to it, <u>even if such ruling or finding appears in or forms a part of a final determination adjudicating claims of the Issuer against Collineo</u>.") (emphasis added).

### B. The CLA's Purported "Ratification" Was Invalid Also Because It Sought to "Alter the Factual Foundation" of the Action

The CLA's purported ratification was invalid also because it sought to alter the factual foundation of this action by modifying factual allegations relating to HOE I's claims against Collineo that implicate Wells Fargo as co-defendant. *See Adv. Magnetics, Inc.*, 106 F.3d at 20 (holding that application of Rule 17(a) "cannot alter the Complaint's factual allegations as to events or the participants"). The Complaint alleges that Collineo and Wells Fargo were jointly "entrusted to safeguard that any purchases for HOE I's portfolio complied with the 'Eligibility Criteria,'" but that they "abdicated their responsibilities." (Compl. at 1). The Court summarized the factual allegations of which Collineo had notice as alleging that Wells Fargo acted "in

tandem with Collineo" to violate the transaction documents.  MTD Order at 9.

HOE I is therefore wrong that Wells Fargo's ratification of HOE I's claims "will not change a single substantive factual allegation made against Collineo in the Complaint."  HOE I Br. at 7.  Wells Fargo has already denied the factual allegations that underlie HOE I's claims of concerted wrongful action by Collineo and Wells Fargo and has additionally reserved the right to contest the Court's final determination of the ratified claims against Collineo if that determination adversely implicates Wells Fargo.  *See* WF Answer; CLA at para. 4.  Wells Fargo may not pick and choose which facts underlying HOE I's claims it wishes to ratify and which it wishes to leave out.  Rather, Rules 17 and 15 prohibit *any* alteration of the factual foundation of the action through ratification.  *See Adv. Magnetics, Inc.*, 106 F.3d at 20.

## IV.   THE STATUTE OF LIMITATIONS RAN ON WELLS FARGO'S CLAIMS LONG BEFORE HOE I AND WELLS FARGO EXECUTED THE CLA

Neither HOE I nor Wells Fargo should be able to proceed with Wells Fargo's claims against Collineo at this juncture—in this Court or another—because the statute of limitations ran on those claims long before the CLA was executed.[5]  Under the New York borrowing statute, CPLR 202, a cause of action brought by a non-resident of New York (such as Wells Fargo) must

---

[5] HOE I argues that Rule 15 provides an independent ground for proceeding with its action against Collineo.  To the extent HOE I relies on "ratification" for its motion, HOE I is mistaken. "Ratification" is a creature solely of Rule 17, and cannot be effected under Rule 15 without satisfying the requirements of Rule 17.  To the extent HOE I is arguing that it may amend its complaint to bring another party's different claims without satisfying the requirements of Rule 17, it is similarly mistaken.  *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19 (2d Cir. 1997) ("The history of the Rules makes clear not only that Rule 15 was meant to be generally applicable to a proposed change of plaintiffs, but that in this regard Rule 17(a) is implicated as well."); *Junior Gallery, Ltd. v. Neptune Orient Line, Ltd.*, 1997 WL 26293, at *2 (S.D.N.Y. Jan. 22, 1997) ("When a plaintiff seeks to amend a complaint to substitute or add additional plaintiffs, Fed. R. Civ. P. 17(a) provides additional guidance and works in tandem with Fed. R. Civ. P. 15.")  In any event, because amendment under Rule 15 is not permitted when it would unfairly prejudice the defendant, HOE I should not be permitted to do so for the same reasons articulated in Part II above.  *See Lee*, 765 F. Supp. 2d at 454.

comply with both the New York statute of limitations and the statute of limitations of the place where the cause of action accrued.  Wells Fargo's claims here accrued in Germany because Wells Fargo is required to assert them in a representative capacity to redress the injury that the noteholders sustained in Germany, where they all reside.  Under Germany's three year statute of limitations for breach of contract claims, Wells Fargo's latest-in-time claims lapsed on January 1, 2011, long before it executed the CLA.  But even if a six year statute of a limitations applies, Wells Fargo's latest-in-time claims lapsed on May 5, 2014, also before it executed the CLA.

### A.  The German Statute of Limitations Rendered Wells Fargo's Claims Untimely before Execution of the CLA

The six-year statute of limitations for breach of contract, which the Court held was applicable to HOE I's claims under the AMA, is inapplicable to Wells Fargo's claims.  The Court held that because "*HOE I's injury* accrued in the Cayman Islands[,] *HOE I's claims* are governed by the statutes of limitations of New York and the Cayman Islands."  MTD Op. at 16 (emphasis added).  HOE I now seeks to assert Wells Fargo's claims, which must be brought in a representative capacity for the benefit of noteholders, all of which reside in Germany and have allegedly suffered injury in Germany.  Accordingly, under New York law, the cause of action accrued in Germany, and the German statute of limitation for breach of contract claims governs.

New York courts determine where a cause of action for breach of contract accrued by looking to the site of the alleged injury.  *See Global Financial Corp. v. Triarc Corp*., 93 N.Y.2d 525, 529 (1999) ("When an alleged injury is purely economic, the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss.").  Where the plaintiff is a trustee bringing suit on behalf of injured beneficiaries, the location of the injury is the same as the location of the beneficiaries, provided that the beneficiaries reside in one place.  *Appel v. Kidder Peabody & Co.,* 628 F. Supp. 153, 156 (holding that Connecticut was the place of injury

for the purposes of CPLR 202 because it was the residence of the beneficiaries).  Here, it is undisputed that virtually all noteholders reside in Germany.  *See* HOE I MTD Op. at 6 (Dkt. #75);  Exs. H, I & J to Pickhardt Decl. in Supp. of HOE I MTD Wells Fargo's Counterclaims (Dkt. #76) (identifying nearly all noteholders as German entities residing in Germany).

The only valid claims arising out of the substantive allegations in the Complaint are claims concerning the allegedly improper purchase of the Disputed Assets in breach of the governing agreements.  *See* MTD Op. at 4-10.  Those claims each accrued, and the statute of limitations began to run, on the dates that Collineo allegedly breached the agreements by "caus[ing] HOE I to purchase CDO securities in breach of the concentration limits" in the Indenture.  Compl. ¶ 50; *accord Ely-Cruikshank Co. v. Bank of Montreal*, 81 N.Y.2d 399, 402 (1993) ("In New York, a breach of contract cause of action accrues at the time of the breach.").  A purchase of securities occurs on the date that the security is traded because that is the date when the parties to the transaction commit to the purchase.  *Radiation Dynamics, Inc. v. Goldmuntz*, 464 F.2d 876, 891 (2d Cir.1972) (holding that a "purchase" of securities occurs when the parties "are committed to one another . . . even if [their] formal performance of their agreement is to be after a lapse of time"); *Grondahl v. Merritt & Harris, Inc.*, 964 F.2d 1290, 1294 (2d Cir.1992) (holding that the purchase date of a security is "the date the parties have committed themselves to complete the purchase or sale transaction").[6]  Therefore, each of Wells Fargo's claims for the allegedly improper purchase of the Disputed Assets in breach of the AMA

---

[6] The Securities and Exchange Commission recognizes that the purchase of a security occurs on the trade date.  Investor Publications, Securities and Exchange Commission, *About Settling Trades in Three Days: T+3* (May 21, 2014), available at  http://www.sec.gov/investor/pubs/tplus3.htm ("The first day of the three-day settlement cycle starts on the business day following the day you purchased or sold a security.") (emphasis added).

and CAA accrued on the trade date for those assets.

Under German law, the three-year limitations period for Collineo's alleged breaches ran on Wells Fargo's claims on January 1, 2011, well before HOE I filed the Complaint on January 23, 2013, let alone before Wells Fargo executed the CLA. *See* Declaration of Dr. iur. Torsten Lörcher ¶ 3 (Dkt. # 23). The German limitations period runs from the close of the calendar year in which the later of two events transpires: (1) the breach occurs, and (2) the claimant becomes aware, or would have become aware but for its own gross negligence, of the circumstances giving rise to their claims. *Id.* ¶¶ 6–7 (citing to Sections 195 and 199 of the German Civil Code). Here, the alleged breaches occurred on the trade dates for the Disputed Assets, the latest of which were in 2007. Because Wells Fargo, as an Indenture Trustee with significant administrative and reporting responsibilities for the HOE I portfolio, can be assumed to have had full knowledge of the basic factual circumstances giving rise to its claims against Collineo in 2007, the limitations period ran from December 31, 2007 and lapsed after December 31, 2010. *See* Indenture § 10.06(a); CAA § 2(b).[7]

### B. Any Six-Year Statute of Limitations Rendered Wells Fargo's Claims Untimely before Execution of the CLA

Even assuming that a six year statute of limitations applies to Wells Fargo's claims, Wells Fargo had no claims against Collineo arising from the purchase of the Disputed Assets at the time that it entered into the CLA because more than six years had elapsed since the trade dates of the each of the Disputed Assets. The trade dates for Cookson 36x and Cookson 37x, the last-in-time Disputed Assets purchased, were both July 13, 2007. Healy Decl., Ex. B at 15. Four

---

[7] The fact that Wells Fargo's claims expired on January 1, 2011 under the German statute of limitations also means that application of Rules 17 and 15 would be futile. Relation back will not save Wells Fargo's claims if they were time barred before the Complaint was originally filed.

years and 263 days lapsed from that date until Collineo and Wells Fargo entered into a tolling

agreement on April 3, 2012.  That tolling agreement terminated on January 23, 2013 at 9:00 a.m.,

at which point the limitations period began to run again.  The limitations period continued to run

uninterrupted and expired no later than May 5, 2014 at 9:00 a.m., at which point six years had

lapsed from the trade dates of those assets.  Wells Fargo's claims concerning the purchases of the

other Disputed Assets expired months before that.[8]

## V.    HOE I'S REMAINING ARGUMENTS LACK ANY MERIT

HOE I's remaining arguments lack any merit.

First, HOE I's attempts to argue the merits of the action in the context of its Rule 17 and

15 motion are inappropriate, irrelevant, and misleading.  Nothing in text of the rules or in the

case law interpreting Rules 17 and 15 states that ad hoc consideration of the merits has any

bearing on whether the plaintiff should be granted leave to amend the Complaint and continue

the action because the real party in interest has successfully ratified its defective claims and

cured its standing defect.  But even if that were true (which it is not) and even if the Court could

determine HOE I's factual assertions prior to trial (which it cannot), HOE I is wrong that the

discovery record has revealed that Collineo knowingly and intentionally breached the Eligibility

Criteria.  HOE I misconstrues the documents that it identifies as "confirm[ing] that Collineo

engaged in the contractual breaches that HOE I alleged in the Complaint," HOE I Br. at 3, and

---

[8] *See* Healy Decl., Ex. C at 8 (Cloverie 2006-8 traded on April 5, 2006, limitations period
expired on January 25, 2013); Healy Decl., Ex. D at 8 (Cloverie 2006-9, initially reported as
Cloverie 2006-X, traded on May 26, 2006, limitations period expired on March 18, 2012); Healy
Decl., Ex. E at 15 (Cloverie 2007-12 traded on May 4, 2007, limitations period expired February
24, 2014); Healy Decl., Ex. F at 15 (Cookson 2007-17 traded on June 8, 2007, limitations period
expired on March 31, 2014).  That Wells Fargo obtained a waiver from HOE I of claims against
it for negligent failure to preserve claims against Collineo is an acknowledgement that these
claims have indeed lapsed and that Wells Fargo has legal exposure as a result against HOE I for
negligently failing to preserve those claims.

ignores testimony that properly interprets them.  Collineo employees have testified that the

documents in question are general workflow spreadsheets that were used by Collineo for

inventory purposes on multiple CDO deals and that do not reflect Collineo's classification of the

assets for purposes of the eligibility criteria in this particular deal.  *See* Healy Decl., Ex. G

(Bergander Dep. Tr. 133:25-134:4); *id*., Ex. H (Janssen Dep. Tr. 248:4-18).  Likewise, HOE I's

statement that Collineo's most senior executive knew that Collineo was breaching the

Indenture's Eligibility Criteria is baseless.  In the lone email that HOE I cites, a Collineo

employee refers to the "CDO bucket" as being "100% utilized (even if not formally with

Wells)."  The statement references a disagreement between Wells Fargo and Collineo over the

classification of a single asset (ZOO I)—which HOE I does not dispute—that Wells Fargo

ultimately classified as "CMBS Conduit" and Collineo classified as a CDO Security.  *See* Healy

Decl., Ex. I (Bergander Dep. Tr. 192:24-193:23); *id*., Ex. J. (Bergander Dep. Tr. 215:10-217:21).

The fact that Collineo employees believed at the time that the "CDO bucket" was nearly full

(which, with the inclusion of the ZOO I asset, it was), does not mean that Collineo executives

believed that any of the Disputed Assets were CDO Securities.

Second, HOE I's judicial efficiency argument is misplaced.  The court cannot grant relief

otherwise unavailable under Rules 17 and 15 because HOE I incorrectly believes that it will be

able to commence a new action under CPLR 205 without regard to the limitations bar.  As a

threshold matter, whether CPLR 205 would apply is an issue for the court in which HOE I filed

its action.  But in any event, having failed to gain capacity to continue to sue Collineo through

Wells Fargo's purported ratification or license in the context of this action, it is hard to see how

it will be able to gain the necessary capacity for purposes of refiling a valid claim under CPLR

205.  Under CPLR 205, when an action is dismissed on the ground that the plaintiff lacked

capacity to sue, the case may be revived by the plaintiff only if and when it obtains that previously absent capacity.  *See George v. Mt. Sinai Hosp.*, 47 N.Y.2d 170, 177 (1979).  For the reasons described above, HOE I did not obtain capacity through execution of the CLA, and given the expiry of the statute of limitations for Wells Fargo's claims, there is no valid means by which HOE I could now obtain capacity.

Third, contrary to HOE I's contentions, Collineo's vigorous defense of this action does not militate in favor of granting the relief that HOE I seeks.  Collineo timely raised the standing issue at the outset of the case.  The fact that, in accordance with the Court's order, Collineo defended the action while dispositive motions were pending hardly supports continuation of an action that HOE I knowingly pursued despite lacking standing to do so, and which is now subject to a statute of limitations bar.  To the contrary, it supports releasing Collineo from procedural gamesmanship by HOE I that has kept Collineo in this case for far longer than necessary.

## CONCLUSION

For the foregoing reasons, HOE I's motion under Federal Rules of Civil Procedure 17 and 15 for leave to amend the Complaint and continue its action against Collineo should be denied.

DATED:   New York, New York       Respectfully submitted,
           May 11, 2015


**HOLWELL SHUSTER & GOLDBERG LLP**

By:  /s/ Dwight A. Healy
       Dwight A. Healy
       Demian A. Ordway
       Ivo Entchev
125 Broad Street, 39th Floor
New York, NY 10004
(646) 837-5151
dhealy@hsgllp.com

*Counsel for Defendant Collineo Asset
Management GmbH*