# HOLWELL SHUSTER & GOLDBERG LLP

*125 Broad Street, 39th Floor*
*New York, New York 10004*
*Tel: (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

*Dwight A. Healy*
*646-837-8406*
*dhealy@hsgllp.com*

July 8, 2015

**VIA ECF AND ELECTRONIC MAIL**

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
40 Foley Square, Room 2104
New York, New York 10007

Re: *House of Europe I, Ltd. v. Wells Fargo Bank, N.A. et uno*
Case No. 1:13-cv-00519 (RJS/SN) (S.D.N.Y.)

Dear Judge Sullivan:

    I write on behalf of Defendant Collineo Asset Management GmbH ("Collineo") to respond to the July 1, 2015 letter of Mr. Jonathan Pickhardt, counsel for House of Europe Funding I, Ltd. ("HOE I") ("July 1 Letter"), to the Court (Dkt. 192) addressing the Second Circuit's recent decision in *Cortlandt Street Recovery Corp. v. Hellas Telecommunications, S.a.r.l.*, No. 13-3325, 2015 WL 3875220 (2d Cir. 2015).

    Contrary to the July 1 Letter, *Cortlandt* directly undermines HOE I's position on its pending Rule 17 and 15 motion. In *Cortlandt*, the Court found that the plaintiff lacked standing to pursue noteholder claims under an assignment that authorized collection of the claims but did not transfer ownership of the claims to the plaintiff. Rejecting an argument that Rule 17(a)(3) permitted the plaintiff to cure the problem by obtaining an amended assignment, the Court recognized that although the plaintiff's "legal claims might remain unaltered if a new assignment were substituted for the old one" the "factual allegations supporting them would not." *Cortlandt*, 2015 WL 3875220, at *10. "[P]leading the existence of a new and substantively different assignment would require more than a 'merely formal' alteration of the complaint" and hence went beyond the scope of Rule 17(a)(3). *Id.* Here, HOE I and Wells Fargo's efforts to cure HOE I's standing defect go well beyond the alteration rejected in *Cortlandt*. The modification necessitated by the Claim License Agreement would effectively substitute new and different claims – those of Wells Fargo on behalf of noteholders – for claims of HOE I in its personal capacity pleaded in the original complaint, thereby fundamentally altering the legal and factual

1

foundation for HOE I's standing.[1]  *See* Collineo Opp. at 4-6; Surreply at 2-3.  To effect this substantial and substantive modification, HOE I and Wells Fargo would cause significant substantive changes to the allegations in the complaint, not as HOE I claims, "only a formal procedural change."  *See* Collineo Opp. at 12-14.

HOE I's fallback argument, that the *Cortlandt* opinion implicitly recognizes that HOE I's standing defect can be cured by amendment under Rule 15 is unsupported by the opinion, which does not so much as mention Rule 15, and certainly does not purport to modify the existing law under that rule.  As demonstrated in Collineo's Opposition Memo at 7-10, Rule 15 does not permit the type of belated, and prejudicial, substantive alteration proposed by HOE I here, and HOE I has cited no case in which a Court has applied Rule 15 to cure a comparable standing defect without so much as a reference to Rule 17.  More importantly, Rule 15 cannot apply in this case because, its claims against Collineo having lapsed, Wells Fargo had no such claims to license to HOE I at the time that the parties executed the Claim License Agreement.  *See* Collineo Opp. at 14-17; Surreply at 3-6.  Whereas amendment under Rule 15 *might* have been available to the plaintiff in *Cortlandt* because it *might* have been able to obtain a "valid assignment" of the claims at issue in that case, *see Cortlandt*, 2015 WL 3875220, at *10, such is not the case here because HOE I did not and cannot now obtain such an assignment.

For the foregoing reasons, Collineo submits that *Cortlandt Street Recovery Corp. v. Hellas Telecommunications, S.a.r.l.*, No. 13-3325, 2015 WL 3875220 (2d Cir. 2015) provides additional support for denial of HOE I's Motion for Leave to Amend the Complaint Under Federal Rules of Civil Procedure 17 and 15.

Respectfully submitted,

Dwight A. Healy

cc: Counsel of Record

---

[1] HOE I's attempt to exchange its claims for those of Wells Fargo midway through the action goes well beyond the *Cortlandt* plaintiff's failed efforts to amend only the specific *contents* of the assignment that it had asserted as its basis for standing from the outset of the litigation.  *Cortlandt*, 2015 WL 3875220, at *10 ("A new assignment would 'alter[ ] the original complaint's factual allegations as to the events or the participants' [...] because the language of the new complaint, to cure the standing bar, would necessarily reflect the *contents* of the new assignment.") (emphasis added).