UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __09.04.15__
```

HOUSE OF EUROPE FUNDING I LTD.,

                              Plaintiff,

-v-                                                     No. 13-cv-519 (RJS)
                                                        OPINION AND ORDER

WELLS FARGO BANK, N.A. *and*
COLLINEO ASSET MGMT. GMBH,

                              Defendants.

RICHARD J. SULLIVAN, District Judge:

Now before the Court is the motion of Plaintiff House of Europe I, Ltd. ("HOE I") for leave to amend its complaint so that it may continue its claims against Defendant Collineo Asset Management GMBH ("Collineo"). (Doc. No. 163 ("HOE I Mem.").) The Court is also in receipt of Collineo's opposition (Doc. No. 171 ("Collineo Opp.")), HOE I's reply (Doc. No. 182 ("HOE I Rep.")), and Collineo's sur-reply (Doc. No. 188 ("Collineo Sur-rep.")), as well as a brief in support of HOE I's motion from Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (Doc. No. 177 ("Wells Fargo Mem.")). For the reasons set forth below, HOE I's motion is granted.

I. BACKGROUND

The Court presumes the parties' familiarity with the facts of this case, which are set forth more fully in the Court's March 31, 2014 Opinion and Order granting in part and denying in part Defendants' motion to dismiss. (Doc. No. 47 (the "March 31 Opinion" or "March 31 Op.").) As noted in that opinion, this case arises out of investment losses that were allegedly sustained by HOE I and its senior noteholder, Erste Abwicklungsanstalt ("EAA"), as a result of breaches by Collineo and Wells Fargo of agreements governing the assets underlying HOE I. These

agreements (the "Governing Documents") include:  the Amended and Restated Indenture (the "Indenture"), entered into by and among HOE I, House of Europe Funding I LLC, and Wells Fargo; the Collateral Administration Agreement (the "CAA"), entered into by and among HOE I, Wells Fargo, and Collineo; and the Asset Management Agreement (the "AMA"), entered into by and between HOE I and Collineo.  (March 31 Op. at 2.)  For the Governing Documents, HOE I was the Issuer, Wells Fargo was the Indenture Trustee, and Collineo was the Asset Manager.  (*Id.*)

Two clauses of the Governing Documents are relevant here.  First, the Granting Clause of the Indenture provides that the "Co-Issuers hereby Grant to the Indenture Trustee . . . all of their right, title and interest in, to and under . . . the Asset Management Agreement and the Collateral Administration Agreement."  Second, Section 15.01(a) of the Indenture, entitled "Assignment of Asset Management Agreement," states in relevant part that:

> The Issuer . . . hereby assigns, transfers, conveys and sets over to the Indenture Trustee . . . all of the Issuer's estate, right, title and interest in, to and under the Asset Management Agreement, . . . *provided* that the Indenture Trustee hereby grants the Issuer a license to exercise all of the Issuer's rights pursuant to the [AMA], . . . which license shall be automatically revoked [if certain conditions are met].

Thus, under the Indenture: (1) HOE I as the Issuer is endowed with certain rights, title, and interest in, to, and under the AMA and CAA, including the right to "take any legal action upon the material breach of an obligation of the Asset Manager thereunder, including the commencement, conduct and consummation of proceedings at law or in equity;" (2) HOE I assigned its rights under the AMA and CAA to Wells Fargo as Indenture Trustee; (3) Wells Fargo granted HOE I a license to exercise all of the rights that HOE I was initially endowed with under the AMA; and (4) Wells Fargo's license of rights to HOE I is automatically revoked in certain circumstances.

In the March 31 Opinion, the Court granted Collineo's motion to dismiss with respect to

2

HOE I's claims against it for breaches of the CAA because it found that HOE I lacked standing to sue Collineo, since it had assigned those rights to Wells Fargo under the CAA.  On March 30, 2015, the Court granted Collineo's motion for summary judgment on HOE I's claims for breaches of the AMA.  (Doc. No. 153 (the "March 30 Opinion" or "March 30 Op.").)  The Court concluded that Wells Fargo's license of rights under the AMA to HOE I was automatically revoked when the triggering conditions were met, leaving HOE I without standing to sue Collineo under the AMA. (March 30 Op. at 6-9.)  Therefore, in its March 31 and March 30 Opinions, the Court concluded that HOE I lacked standing to sue Collineo under either the CAA or AMA because it had assigned its rights under both agreements to Wells Fargo.

On March 27, 2015, just days before the Court issued the March 30 Opinion, the Court received a letter from HOE I seeking leave to supplement the summary judgment record to incorporate a Claim License Agreement ("CLA") entered into by HOE I, Wells Fargo, and EAA on March 12, 2015 (Doc. No. 148, Ex. A).  (Doc. No. 148.)  HOE I argued that this "recent development" "would cure any standing defect and moot the entire basis for Collineo's motion." (*Id.*)  On March 30, 2015, the Court denied HOE I's motion to supplement the summary judgment record and directed the parties to appear for a conference on April 6, 2015 to discuss the CLA. (Doc. No. 154.)  After the conference, HOE I filed the present motion to amend its complaint, which was fully submitted on June 1, 2015.  In July, the parties submitted letters to the Court regarding the Second Circuit's opinion in *Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l.*, 790 F.3d 411 (2d Cir. 2015).  (Doc. Nos. 192 & 193.)

## II. Legal Standard

While Rule 17(a) of the Federal Rules of Civil Procedure requires that actions be

"prosecuted in the name of the real party in interest," a court cannot dismiss an action for failure to satisfy this requirement until "a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." If such ratification, joinder, or substitution occurs, "the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a). The purpose of this rule is to "protect the defendant against a subsequent action by the party actually entitled to recover" and to "prevent forfeiture [of a plaintiff's claim] when . . . an understandable mistake has been made." *Wiwa v. Royal Dutch Petroleum Co.*, No. 96-cv-8386 (KMW), 2009 WL 464946, at *10 (S.D.N.Y. Feb. 25, 2009) (quoting Fed. R. Civ. P. 17 advisory committee's note to 1966 amendment). With these goals in mind, the Second Circuit has instructed that "Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997).

The Second Circuit has held that to ratify a suit, "the real party in interest must (1) authorize continuation of the action and (2) agree to be bound by its result." *Fed. Treasury Enter. Sojuzplodoimport v. SPI Spirits Ltd.*, 726 F.3d 62, 83 (2d Cir. 2013) (citation omitted). Under *Advanced Magnetics*, the Second Circuit's "leading case interpreting [Rule 17]," substitution pursuant to Rule 17(a) was warranted for three reasons: (1) "the complaint's only pertinent flaw was the identity of the party pursuing those claims," meaning that "the proposed amended complaint sought only to substitute one name for another; the factual and legal allegations of the complaint would remain unaltered;" (2) "there was no indication of bad faith . . . or an effort to deceive or prejudice the defendants;" and (3) "the proposed substitution did not threaten to prejudice the defendants, who had timely notice of the substance of the allegations, the relevant

4

parties, and their claims." *Cortlandt St. Recovery Corp.*, 790 F.3d at 422 (discussing *Advanced Magnetics*, 106 F.3d at 20-21) (alterations omitted).

III. DISCUSSION

Here, it is now undisputed that Wells Fargo is the "real party in interest," and it is clear that it has "authorize[d] continuation of the action" and has "agree[d] to be bound by its result." *Fed. Treasury Enter. Sojuzplodoimport*, 726 F.3d at 83. The CLA on its face provides that Wells Fargo "authorizes and ratifies [HOE I]'s Litigation [in this action] as against Collineo and [HOE I]'s prosecution of the claims [HOE I] has asserted against Collineo in the Complaint." (CLA ¶ 2.) Wells Fargo also "agrees to be bound by the Court's final determination of [HOE I]'s claims against Collineo in the Litigation [in this action] for breach of the [AMA] and [CAA]." (*Id.* ¶ 4.) Finally, Wells Fargo "grants [HOE I] a license to pursue claims against Collineo in the Litigation [in this action] for breach of the [AMA] and [CAA]" (*id.* ¶ 3), and agrees that in doing so, it will not pursue "those particular claims for breach of the [AMA] and [CAA] that have been asserted in the Litigation [in this action] by [HOE I]" against Collineo (*id.* ¶ 4).

Courts have found analogous language to "amply satisf[y] the purpose of Rule 17(a)." *Union Carbide Corp. v. M/T ENCOUNTER*, No. 96-cv-8193 (DFE), 2004 WL 548457, at *6 (S.D.N.Y. Mar. 18, 2004) (holding that a party executed a valid ratification when the document recited the caption of the case and provided that the party "ratifies said lawsuit and otherwise warrants that [it] will bring no other claim against the defendants therein"). Moreover, HOE I's proposed amendment to the complaint – which would merely incorporate the fact that Wells Fargo ratified HOE I's prosecution of HOE I's claims under the AMA and CAA against Collineo – is valid for the same three reasons that warranted a Rule 17(a) amendment in *Advanced Magnetics*,

namely:  (1) it is a merely cosmetic change, (2) it is not motivated by bad faith, and (3) it would not prejudice Collineo.  HOE I's proposed amendment to the complaint would leave the factual and legal allegations underlying its claims unaltered, and since HOE I is still pursing the same legal theory based on the same alleged breaches of the CAA and AMA that caused the same alleged harm, the only change would be a technical amendment providing that Wells Fargo, as the real party in interest, has authorized HOE I's prosecution of its claims under the CAA and AMA against Collineo and has agreed to be bound by the result.  (*See* HOE I Mem., Ex. I ¶ 12 ("On March 12, 2015, HOE I's trustee authorized this lawsuit against Collineo and agreed to be bound by the Court's final determination.").)

HOE I's prior arguments in opposition to Collineo's motions to dismiss and for summary judgment – in which it asserted that it retained standing to sue Collineo under the CAA and AMA – while ultimately unpersuasive, were certainly not frivolous, made in bad faith, or intended to prejudice Collineo.  Nor would permitting the amendment actually prejudice Collineo, since the nature of the claims, the factual and legal allegations underlying them, and the resulting harm all remain the same.  In fact, the sole change in the amended pleading would be the inclusion of a single sentence asserting that Wells Fargo authorized the instant litigation.  Collineo has had notice of these claims since the original complaint was filed on January 23, 2013.  Furthermore, up until HOE I obtained the CLA, Collineo has vigorously defended itself and been actively engaged in discovery.  Finally, HOE I and Wells Fargo executed the CLA within a reasonable period of time. *See In re Adelphia Commc'ns Corp. Sec. & Derivatives Litig.*, No. 03-mdl-1529 (LMM), 2009 WL 1490599, at *3 (S.D.N.Y. May 21, 2009) ("[A] party is surely acting reasonably if it awaits the court's decision of the motion" challenging whether it is the real party in interest before it seeks

ratification.)  Indeed, HOE I did not even wait for the Court's decision on Collineo's motion for summary judgment, since it preemptively sought and obtained Wells Fargo's ratification of its claims against Collineo *before* the Court issued its March 30 Opinion finding that HOE I could not sue under the AMA. *See also id.* (granting leave to amend six years after the initial objection). Therefore, the Court finds that HOE I has met the Second Circuit's ratification criteria under Rule 17(a).

Nearly all of Collineo's arguments to the contrary are based on a fundamental misunderstanding of the CLA and the Indenture.  Collineo insists that originally HOE I "brought claims on behalf of itself for injuries that it had allegedly suffered," whereas HOE I now "seeks to exchange them for Wells Fargo's claims, which, because they belong to an Indenture Trustee, are asserted in a representative capacity to redress injury only to the noteholders."  (Collineo Opp. at 1.)  From this faulty premise – that through the CLA, HOE I seeks to pursue *Wells Fargo*'s claims rather than its *own* claims – Collineo argues that Rule 17(a) is inapplicable and inappropriate.[1]  But the CLA clearly provides that Wells Fargo "authorizes and ratifies [HOE I]'s Litigation as against Collineo and [HOE I]'s prosecution of *the claims [HOE I] has asserted* against Collineo in the Complaint."  (CLA ¶ 2.)  The Indenture also expressly states that HOE I assigned *its* claims to Wells Fargo and that Wells Fargo licensed back *HOE I*'s claims to HOE I.  (*See* Indenture § 15.01(a).)  Thus, the CLA essentially operates as an exclusive license whereby Wells Fargo has granted HOE I the right to assert claims that HOE I had previously assigned to Wells Fargo – much

---

[1] Specifically, Collineo argues that HOE I is distinguishable from the plaintiff in *Advanced Magnetics* (Collineo Opp. at 8-9), ratification would prejudice Collineo because it would be premised on entirely new claims and factual allegations (*id.* at 10-12), and HOE I would be time barred because the statute of limitations has lapsed on Wells Fargo's claims (*id.* at 14-18).

like the license that HOE I had under the AMA before it was automatically revoked.  When the CLA is correctly viewed as Wells Fargo ratifying HOE I's pursuit of *HOE I*'s claims, it is clear that none of Collineo's arguments premised on HOE I asserting *Wells Fargo*'s claims have any application.

Collineo also argues that if Wells Fargo is in fact attempting to ratify HOE I's pursuit of HOE I's claims (which it clearly is), that constitutes an improper use of Rule 17(a), which does not permit a party to ratify claims that were not initially brought on its behalf.  For support, Collineo turns to two statements from the Second Circuit's decision in *Del Re v. Prudential Lines, Inc.*, which concerned Rule 17(a) as applied to the Longshoreman's and Harbor Worker's Compensation Act ("LHWCA").  669 F.2d 93 (2d Cir. 1982).  In *Del Re*, the plaintiff attempted to "circumvent[]" the LHWCA, a federal statute that prohibited the plaintiff from bringing certain claims, by having a third party ratify its litigation.  *Id.* at 96.  The court recognized that the purpose of Rule 17(a) was "to avoid forfeiture in situations in which it is unclear at the time the action is filed who had the right to sue and it is subsequently determined that the right belonged to a party other than the party that instituted the action."  *Id.* at 96.  Therefore, the Second Circuit rejected the ratification because permitting it would "create new substantive rights" for the initial plaintiff, in violation of both the LHWCA, a statute designed to prohibit the initial plaintiff in the action from recovering on the claims he was pursuing, and the Rules Enabling Act, a statute that forbids procedural rules from enlarging substantive rights.  *Id.* at 97-98.  The *Del Re* court further held that there was "[n]o difficulty, confusion or mistake in the present case regarding the identity of the party in whose name the suit must be brought," since the LHWCA was "explicit and unequivocal" in stating that the initial plaintiff could not bring the present action.  *Id.* at 96-97.

8

The Second Circuit then observed that the initial plaintiff and the ratifier "are not merely different parties with the same claim," but rather "different parties with different claims," and that "the term 'ratification' implies that the [ratifier] is the party in interest for whom the present action was commenced, whereas in fact [the initial plaintiff] brought suit in his own name to benefit himself, not [the ratifier]." *Id.* at 97. Collineo seizes on these latter two statements for its argument that Wells Fargo cannot ratify claims that were not brought on its behalf.

Obviously, Collineo misconstrues *Del Re* and ignores the fact that both of these statements were made in the unique context of that case, in which the ratification was designed to effectuate an end run around the LHWCA, thereby defeating the purposes of that statute. As the Second Circuit explained, the initial plaintiff and the ratifier were "different parties with different claims," and therefore the initial plaintiff could not plausibly argue it was mistaken about who the real party in interest was. Here, HOE I and Wells Fargo obviously are different parties, but, crucially, the claims at issue are the *same*. The only question is which party has the right to assert those claims under contracts executed between the parties. Similarly, the Second Circuit chastised the initial plaintiff in *Del Re* for bringing a suit "in his own name to benefit himself" to underscore the fact that the plaintiff was attempting to use Rule 17(a) ratification to flout the goals of the LHWCA. *Del Re*, 669 F.2d at 97. Certainly, nothing in this remark altered the longstanding rule that the real party in interest is the one who has the power to *enforce* the right in question, even if that party does not *benefit* from the right's vindication. *See, e.g.*, *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003) (citations omitted); *Gruber v. Victor*, No. 95-cv-2285 (JSM), 1996 WL 492991, at *13 (S.D.N.Y. Aug. 28, 1996) (citations omitted). In sum, this case is a classic example of the circumstances that Rule 17(a) was designed to address, namely, "to avoid forfeiture

in situations in which it is unclear at the time the action is filed who had the right to sue and it is subsequently determined that the right belonged to a party other than the party that instituted the action." *Del Re*, 669 F.2d at 96.

Collineo's other relevant argument is that Wells Fargo did not effectively ratify this litigation because it did not agree to be fully bound by the Court's determination of HOE I's claims. Specifically, Collineo takes issue with a clause in the CLA that provides that "nothing herein shall preclude Wells Fargo (in any capacity) from appealing or otherwise disputing any ruling or finding adverse to it, even if such ruling or finding appears in or forms a part of a final determination adjudicating claims of [HOE I] against Collineo." (CLA ¶ 4.) As noted above, courts require ratifying parties to agree to be bound by the result of the ratified litigation to give the litigation res judicata effect. *Cortlandt St. Recovery Corp.*, 790 F.3d at 421 ("[T]he modern function of the rule . . . is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.") (quoting Fed. R. Civ. P. 17 advisory committee's note to 1966 amendment)). Here, the CLA provides that Wells Fargo "agrees to be bound by the Court's final determination of [HOE I]'s claims against Collineo in the Litigation for breach of the [AMA] and [CAA]." (CLA ¶ 4.) Wells Fargo further agreed not to pursue "those particular claims for breach of the [AMA] and [CAA] that have been asserted in the Litigation by [HOE I]" against Collineo." (*Id.*) Therefore, Wells Fargo has clearly agreed to be bound by the Court's determination of this litigation such that res judicata will preclude Wells Fargo from relitigating the claims HOE I is currently asserting here. That is all that is necessary for a valid ratification.

Finally, after the parties submitted briefing on HOE I's motion to amend its complaint, the

Second Circuit issued its opinion in *Cortlandt St. Recovery Corp.*, 790 F.3d 411 (2d Cir. 2015). In that case, the plaintiff, Cortlandt, argued that it had standing to pursue its claims pursuant to an assignment from the real party in interest and that, even if it did not have standing under the assignment, it should have been given the opportunity to have the real party in interest ratify Cortlandt's lawsuit pursuant to Rule 17(a). The Second Circuit concluded that the purported assignment was insufficient to confer standing on Cortlandt. *Id.* at 418-19. The court also concluded that the district court did not abuse its discretion in denying Cortlandt the chance to cure its standing defect through a Rule 17(a) ratification, finding that neither of Cortlandt's proposals to cure its standing deficiency would be proper under Rule 17(a). *Id.* at 420. Specifically, the court found that the first proposal – substituting the real party in interest for Cortlandt – would destroy diversity jurisdiction, *id.* at 423-24, while the second proposal – obtaining a new assignment to give Cortlandt Article III standing – would run afoul of the *Advanced Magnetics* requirement that the ratification make only a "merely formal" change to the complaint without altering the complaint's factual allegations. *Id.* at 424.

Clearly, *Cortlandt St. Recovery Corp.* does not alter the Court's analysis here. Unlike Cortlandt, HOE I has Article III standing to asserts its claims against Collineo under the AMA and CAA. Indeed, the Court already concluded as much when it found that HOE I, as the issuer of a collateralized debt obligation, can be "injured by actions that adversely affect the underlying assets." (March 31 Op. at 12.) Thus, when the Court found that HOE I "lacked standing" to sue Collineo under the CAA, the Court did so on the grounds that a party who assigns its rights is "no longer the real party in interest with respect to an action upon the instrument and retained no right to pursue a claim," (*id.* at 17 (quoting *Nat'l Fin. Co. v. Uh*, 720 N.Y.S.2d 17, 18 (App. Div. 2001))),

11

*not* because it had not suffered an injury-in-fact sufficient to satisfy Article III.  This fact alone distinguishes the present action from *Cortlandt St. Recovery Corp.*  Furthermore, unlike the new assignment proposed in *Cortlandt St. Recovery Corp.*, which would have altered the factual allegations underlying Cortlandt's basis for having suffered an injury, HOE I's proposed amendment to the complaint – which simply asserts that "HOE I's trustee authorized this lawsuit against Collineo" – is a "merely formal" alteration, akin to substituting the name of the party. Amending a complaint to incorporate the fact that the ratifying party duly authorized a lawsuit cannot, on its own, be considered too substantial of a change to fall within Rule 17(a).

### III. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED THAT HOE I's motion to amend its complaint is granted.  IT IS FURTHER ORDERED THAT the parties' motion to seal their submissions in connection with HOE I's motion to amend are denied for failing to overcome the strong presumption of open records.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  IT IS FURTHER ORDERED THAT, by September 11, 2015, the parties shall file (1) unredacted versions of all submissions in connection with HOE I's motion to amend, and (2) a joint letter apprising the Court of what additional discovery is necessary, with proposed deadlines for its completion.  The Clerk of the Court is respectfully directed to terminate the motions pending at docket entries 162, 165, 179, and 183.

SO ORDERED.

Dated:      September 4, 2015
            New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

12